## Petition of John M. Kostecky, Jr.

*Walter W. Wilt,* for petitioner.
*Joseph P. Alexa,* for respondents.

SHEELY, *J.,* June 12, 1981—Petitioner, John M. Kostecky, Jr., resides at 73 Cumberland Road, Lemoyne, Cumberland County, Pa. Respondents, Jack B. Mattern and Ernestine O. Mattern, his wife, reside on adjoining property at 75 Cumberland Road, Lemoyne, Pa.

On March 1, 1979, respondents filed a variance application with the Lemoyne Zoning Board seeking to erect an additional dwelling on their lot. This application was denied by the board on June 22, 1979, because the Mattern property did not comply with the minimum lot size required for an additional dwelling. To satisfy this requirement, respondents submitted a contract to purchase a small triangular shaped tract of Borough land (4,379.58 square feet) in September, 1979. This tract is located in an isolated corner of the Borough's Cum-

berland Park, has not been used for park purposes since its acquisition by the Borough in 1940, and entails only a small proportion of the entire park's area.

The Lemoyne Borough Council approved its sale to respondents for $1,443.00 ($.33 per square foot) at their December, 1979 meeting. On February 18, 1980, respondents acknowledged a subdivision plan depicting their lot and the tract to be purchased from the Borough. This plan was approved by the Cumberland County Planning Commission on February 19, 1980, by the Lemoyne Planning Commission on February 21, 1980, and by the Lemoyne Borough Council at its regular meeting on February 28, 1980.

A deed conveying the property to respondents was signed by Borough Council on March 4, 1980, and was recorded in the office of the Recorder of Deeds for Cumberland County at Deed Book "W", Volume 28, Page 441. The related subdivision plan is recorded at Plan Book 37, Page 39.

On December 11, 1979, respondents filed a petition with this court (No. 5654 Civil 1979), seeking confirmation of the Borough's sale pursuant to §8301 of the Revised Price Act of 1974, as amended, 20 Pa.C.S.A. §8301 et seq. After a hearing held January 16, 1980, this court entered an order approving the sale for a consideration of $1,443.00. The instant action, arising out of the above confirmation of sale, seeks to set aside this transfer and have it declared null and void.

## DISCUSSION

The original 1940 deed conveying the property in question from Lucretia Hummel to the Borough of Lemoyne creates a trust whereby the Borough is to hold the land as trustee for the benefit of the Borough's

residents. When a municipal corporation acts in a fiduciary capacity it is the statutory duty of the judiciary to inquire into the propriety of the actions of municipal officers in disposing of assets which the municipality holds in trust: Goodman Appeal, 425 Pa. 23, 227 A.2d 816 (1967) (cited as In re Petition of Acchione in Atlantic Reporter). The scope of judicial review of the action of a governmental body or administrative tribunal involving acts of discretion is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the body's duties or functions. Considering the circumstances here presented, we find no abuse of discretion or impropriety of conduct to justify a setting aside of the transfer as sought by petitioner Kostecky.

Petitioner initially cites Goodman Appeal, for the proposition that respondent (purchaser) was the wrong party to petition the court for approval of the sale. Petitioner asserts that the Borough's failure to join the action for this court's approval of the sale prevented the required notice from reaching interested Borough residents. The Goodman court held that the local government's lack of interest in the approval of a similar sale was inexplicable.

Although the circumstances in Goodman are similar to those in the case at bar, the facts are readily distinguishable in essential particulars. The sale in Goodman dealt with property valued in excess of $100,000, whereas the property here in question was valued by a qualified appraiser, Joseph McGraw, MAI-SREA, at $1,443.00. This difference is accentuated by §1201 of the Borough Code of 1966, P.L. (1965) _____, no. 581, as amended, by the Act of October 25, 1973, P.L. 308, as amended, 53 P.S. §46201. Section 46201(4) provides, "Real estate owned by a Borough may be sold at a consideration

of fifteen hundred dollars ($1,500) or less without advertisement or competitive bidding only after counsel estimates the value thereof upon receipt of an appraisal by a qualified real estate appraiser." The evidence presented indicates the above procedure was followed by the Borough thus eliminating the necessity of notice which is required for a public sale. "[L]and held by a municipal corporation and dedicated to a public use may be sold in compliance with the provisions of the Revised Price Act. . . . " Goodman Appeal, 425 Pa. 23, 30, 227 A.2d 816, 821 (1967).

In the case at bar, no dedication statement was made by the Borough and all other relevant factors indicate that the Borough acted in good faith: (1) this small triangular lot is located in an isolated section of the park, (2) the lot has never been used for park purposes, (3) respondent Mattern has voluntarily maintained the lot since 1947, through his mowing grass and clearing undergrowth, (4) the only access to the lot is through respondent's property, (5) the lot contains no public utilities (such as access roads or sewer lines), (6) Borough council foresaw no future use for the lot, and (7) the Borough intended to allocate the proceeds of the sale for the park's maintenance.

In Goodman, the land sold had been actively used for recreational purposes, contained a permanent baseball field, bleachers, and public utilities. Upon acquisition of the land, the township dedicated the land to the public use in a formal statement put in the township records. The dedication stated that no agreement to sell the park property would be entered into without first holding a public hearing.

No similar restriction was created by the Borough of Lemoyne in the instant case. Rather, the 1940 deed passing title to the Borough explicitly

confers upon the Borough full power of alienation as follows: "This land is to be used by the Borough of Lemoyne for such public purposes as the proper Borough authorities may elect, *with full power of alienation.*" Office of the Recorder of Deeds, Cumberland County, Deed Book "W". Volume 28, Page 441 (1940). (Emphasis added.)

Petitioner correctly cites the rule that a municipality as trustee has no implied or incidental authority to alien or to dispose of for its own benefit property dedicated to or held by it in trust for public use: Hoffman v. City of Pittsburgh, 365 Pa. 386, 75 A.2d 649 (1950). However, the power of alienation was expressly conferred by the settlor (Hummel) in the 1940 deed to the municipal trustee.

"[T] he law entrusts considerable discretion to the court to which a petition is presented under the Revised Price Act. . . . " Goodman Appeal, 425 Pa. 23, 37, 227 A.2d 816, 823 (1967). Additionally, the Borough's actions herein comply with the prescription in Goodman that the proceeds of such a court approved sale must be held for the same or like use.

Petitioner lastly argues that the transfer must fail because the Borough did not follow its own subdivision ordinances. This issue was fully discussed by this court in a previous opinion (No. 3422 Civil 1980.

### ORDER

And now, June 12, 1981, in accordance with the opinion filed this date, the approved sale of real property from the Borough of Lemoyne to respondents is affirmed.